1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CRAIG R. JOHNSON,

11          Petitioner,                    No. 2:09-cv-0830-FCD-JFM (HC)

12      vs.

13   CALIFORNIA BOARD OF PAROLE
     HEARINGS, et al.,
14
            Respondents.          FINDINGS AND RECOMMENDATIONS
15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal constitutional

18   right to due process was violated by a 2007 decision of the California Board of Parole Hearings

19   to deny him a parole date.

20          FACTUAL AND PROCEDURAL BACKGROUND

21          In 1979, petitioner was convicted of second degree murder and sentenced to

22   fifteen years to life in prison.  See Petition for Writ of Habeas Corpus, filed October 7, 2008, at

23   1.  On January 10, 2007, petitioner appeared before the Board for a seventh subsequent parole

24   consideration hearing.  See Ex. A to Petition, at 1.  Petitioner appeared at and participated in the

25   hearing.  See Ex. A to Petition.  Following deliberations held at the conclusion of the hearing, the

26   /////

1

1  Board announced their decision to deny petitioner parole and the reasons for that decision.  Id. at

2  64-76.

3  ANALYSIS

4  I.  Standards for a Writ of Habeas Corpus

5  Federal habeas corpus relief is not available for any claim decided on the merits in

6  state court proceedings unless the state court's adjudication of the claim:

7  (1) resulted in a decision that was contrary to, or involved an
   unreasonable application of, clearly established Federal law, as
8  determined by the Supreme Court of the United States; or

9  (2) resulted in a decision that was based on an unreasonable
   determination of the facts in light of the evidence presented in the
10  State court proceeding.

11  28 U.S.C. § 2254(d).

12  Under section 2254(d)(1), a state court decision is "contrary to" clearly

13  established United States Supreme Court precedents if it applies a rule that contradicts the

14  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

15  indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

16  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

17  (2000)).

18  Under the  "unreasonable application" clause of section 2254(d)(1), a federal

19  habeas court may grant the writ if the state court identifies the correct governing legal principle

20  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

21  prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

22  simply because that court concludes in its independent judgment that the relevant state-court

23  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

24  application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

25  (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

26  /////

2

1  question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations

2  omitted).

3         The court looks to the last reasoned state court decision as the basis for the state

4  court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court

5  reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

6  habeas court independently reviews the record to determine whether habeas corpus relief is

7  available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

8  II.  Petitioner's Claim

9         As noted above, petitioner claims that the denial of parole violated his federal

10 constitutional right to due process of law.  The Due Process Clause of the Fourteenth

11 Amendment prohibits state action that deprives a person of life, liberty, or property without due

12 process of law.  A litigant alleging a due process violation must first demonstrate that he was

13 deprived of a liberty or property interest protected by the Due Process Clause and then show that

14 the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky

15 Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

16        A protected liberty interest may arise from either the Due Process Clause of the

17 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

18 expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

19 221 (2005) (citations omitted).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

20 The United States Constitution does not, of its own force, create a protected liberty interest in a

21 parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);

22 Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or

23 inherent right of a convicted person to be conditionally released before the expiration of a valid

24 sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a

25 presumption that parole release will be granted' when or unless certain designated findings are

26 /////

3

1  made, and thereby gives rise to a constitutional liberty interest." <u>Greenholtz</u>, 442 U.S. at 12.  <u>See</u>

2  <u>also</u> <u>Allen</u>, 482 U.S. at 376-78.

3              California's parole statutes give rise to a liberty interest in parole protected by the

4  federal due process clause.  <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL

5  197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

6  there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181,

7  1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002).  However, in

8  <u>Swarthout</u> the United States Supreme Court held that "[n]o opinion of [theirs] supports

9  converting California's 'some evidence' rule into a substantive federal requirement." <u>Swarthout</u>,

10  2011 WL 197627, at *3.   Rather, the protection afforded by the federal due process clause to

11  California parole decisions consists solely of  the "minimal" procedural requirements set forth in

12  <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why

13  parole was denied." <u>Id</u>. at *2-3.

14              Here, the record reflects that petitioner was present at the 2007 parole hearing,

15  that he participated in the hearing, and that he was provided with the reasons for the Board's

16  decision to deny parole.  According to the United States Supreme Court, the federal due process

17  clause requires no more.  Accordingly, petitioner's application for a writ of habeas corpus should

18  be denied.

19              Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

20  States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

21  it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

22  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

23  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

24  issue a certificate of appealability indicating which issues satisfy the required showing or must

25  state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).  For the reasons

26  /////

4

set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

        1.  Petitioner's application for a writ of habeas corpus be denied; and

        2.  The district court decline to issue a certificate of appealability.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2011.

UNITED STATES MAGISTRATE JUDGE

12
john0830.157

5